[J-9-2017] [MO: Todd, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| ANN COUGHLIN, ADMINISTRATRIX OF THE ESTATE OF THOMAS COUGHLIN, DECEASED, | : | No. 32 EAP 2016 |
| | : | |
| | : | Appeal from the Judgment of Superior |
| | : | Court entered on 3/21/2016 at No. 3367 |
| Appellant | : | EDA 2014, affirming the Judgment |
| | : | entered on 1/26/2015 in the Court of |
| | : | Common Pleas, Civil Division, |
| v. | : | Philadelphia County at No. 355 July |
| | : | Term 2013. |
| | : | |
| UMMU MASSAQUOI, | : | ARGUED: March 7, 2017 |
| | : | |
| Appellee | : | |

## DISSENTING OPINION

**JUSTICE MUNDY**                                                     **DECIDED: September 28, 2017**

I share the concerns expressed by Justice Donohue in her Concurring Opinion that the Majority Opinion creates an over-broad standard for when evidence of an injured party's intoxication becomes relevant and admissible in a personal injury case. Concurring Op. at 1. I also agree that the relevance of the decedent's blood-alcohol content (BAC) in this case is dependent on the specific facts presented. I disagree, however that the mere fact that evidence exists to put a defendant's comparative negligence at issue is sufficient to establish the relevancy of intoxication unless that evidence itself suggests possible intoxication.

Instantly, the only evidence of the decedent's comparative negligence derives from the physical setting of the accident, which suggests the decedent may have been crossing the four-lane street, outside an intersection or cross-walk, in a poorly lit area at

night.[1]   These facts justify the portion of the trial court's instruction relative to comparative negligence based on a pedestrian's duty of care in crossing a highway.[2]  In my view, however, these facts do not in themselves indicate decedent's intoxication. Absent any observation of the decedent prior to the accident, or other evidence of his behavior or demeanor, the evidence of the decedent's BAC, even together with an expert opinion about the general effects of that level of BAC on the average pedestrian, lacks relevance, creates undue prejudice, and invites speculation on the part of the jury.[3]  In my view, this case is akin to the Superior Court case of *Locke v. Claypool*, 627

---

[1] The accident occurred near the T-intersection of Castor and Howell Streets on the inner southbound lane of Castor Street.  There are no marked cross-walks spanning Castor Street at that location.

[2] That portion of the charge follows:

> Members of the jury, I charge you that the mere happening of an accident is not evidence of negligence.
>
> It is also the law in Pennsylvania that no pedestrian shall suddenly leave the curb or other place of safety and walk or run into the path of a vehicle which is so close as to constitute a hazard.
>
> It is further the law in this Commonwealth that every pedestrian crossing a roadway at any point other than within a crosswalk at an intersection or any marked crosswalk shall yield the right-of-way to all vehicles upon the roadway.
>
> It is also the law in this Commonwealth that an individual shall not cross between adjacent intersections in urban districts at which traffic control signals are in operation. Pedestrians shall not cross at any place except in a marked crosswalk.

N.T., 8/5/14, at 103-04.

[3] Like Justice Donohue, I also take exception to the Majority's suggestion that the lack of an eye-witness to an accident somehow justifies the admission of expert BAC (continued…)

A.2d 801 (Pa. Super. 1993), wherein the court held that, although a bicyclist's "lack of prudent judgment" in riding on a roadway at night without lights or reflectors was relevant to contributory negligence, these facts did not render the plaintiff/bicyclist's BAC relevant, absent independent evidence of physical manifestations of intoxication. *Locke*, 627 A.2d at 804 n.2.

Because I disagree that the evidence places the decedent's intoxication at issue relative to his comparative negligence in this case, I conclude the Superior Court erred in upholding the trial court's decision to admit evidence of the decedent's BAC and expert testimony opining on the general effects of intoxication on an average pedestrian. Accordingly, I would reverse the order of the Superior Court and remand the case for a new trial.

---

(…continued)
testimony unconnected to any demonstrated behavior on the part of a pedestrian. Majority Op. at 17; Concurring Op. at 2 n.1.